RE: TORT/CIVIL RIGHTS LIABILITY
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF FEBRUARY 6, 1989, ASKING FOR THE ISSUANCE OF AN OFFICIAL OPINION CONCERNING THE POTENTIAL LIABILITY OF THE DISTRICT ATTORNEY'S OFFICE AS TO THE CARE AND CUSTODY OF AUTOMOBILES SEIZED AND INTENDED FOR FORFEITURE ACTIONS. UNFORTUNATELY, THIS OFFICE CANNOT ISSUE A FORMAL OPINION IN RESPONSE TO YOUR INQUIRY FOR TWO REASONS. FIRST, UNDER THE TERMS OF 74 O.S. 18B(D) (1988), THIS OFFICE IS AUTHORIZED TO RENDER FORMAL OPINIONS IN RESPONSE TO QUESTIONS POSED BY DISTRICT ATTORNEYS ONLY IF SUCH REQUESTS ARE ACCOMPANIED BY LEGAL BRIEFS, COMPLETE WITH CITATION TO AUTHORITY, WHICH ADDRESS THE ISSUE AND GIVE THE DISTRICT ATTORNEY'S OPINION AS TO THE CORRECT ANSWER. SECOND, THE ULTIMATE RESPONSE TO YOUR QUESTION IS ALWAYS GOING TO BE A FACTUAL MATTER THAT WILL BE DEPENDENT UPON THE UNIQUE CHARACTERISTICS INVOLVED IN THAT CASE. THIS OFFICE CANNOT ISSUE OPINIONS WHICH WOULD BE DEPENDENT ON A DETERMINATION OF FACTUAL CIRCUMSTANCES TO ARRIVE AT A CONCLUSION.
HOWEVER, I CAN PROVIDE YOU WITH THE FOLLOWING GENERAL INFORMATION. IN MOST INSTANCES, IF A PROSECUTORIAL OFFICER IS ACTIVELY ENGAGED IN PROSECUTING A FORFEITURE ACTION, IT WOULD BE VERY DIFFICULT FOR A CLAIMANT TO SUCCESSFULLY PURSUE A STATE TORTS CLAIM FOR NEGLIGENCE AS THE RESULT OF DAMAGE TO A VEHICLE IN THE POSSESSION OF THE OFFICER. HOWEVER, IF NO FORFEITURE ACTION IS TIMELY FILED, SUCH AS WHEN A LOCAL DISTRICT ATTORNEY ACQUIESCES TO A FEDERAL LAW ENFORCEMENT OFFICIAL'S REQUESTS TO HOLD UP PROCEEDINGS WHILE HE PURSUES A SEPARATE ACTION, YOU COULD WELL LOSE MANY OF THE PROTECTIONS THEORETICALLY AVAILABLE. SEVERAL YEARS AGO, I REPRESENTED THE STATE BUREAU OF NARCOTICS IN AN ACTION THAT HAD BEEN BROUGHT DUE TO THE FACT THAT THE BUREAU HAD SEIZED A VEHICLE, YET HAD NEVER BOTHERED TO INFORM THIS OFFICE OF THE SEIZURE UNTIL ONE YEAR LATER, AFTER A CIVIL REPLEVIN ACTION HAD BEEN FILED BY THE OWNER. WITHOUT ANY COLORABLE ARGUMENT AVAILABLE TO USE AS A DEFENSE, I SETTLED THE MATTER TO AVOID POSSIBLE CIVIL RIGHTS CLAIMS BEING BROUGHT AGAINST THE OFFICERS WHO SEIZED THE VEHICLE.
EVEN IF A CLAIMANT COULD BRING A STATE TORT ACTION FOR DAMAGES, YOU WOULD ORDINARILY NOT BE PERSONALLY LIABLE, AS THE GOVERNMENTAL TORT CLAIMS ACT PROVIDES THAT THE STATE ASSUMES ALL LIABILITY ON YOUR BEHALF IN MOST CASES. HOWEVER, IF PARTICULAR FACTS WERE PRESENT UPON WHICH A JURY COULD BE CONVINCED THAT THE LACK OF DUE CARE IN HOLDING ONTO A VEHICLE WAS SO SEVERE AS TO AMOUNT TO BAD FAITH OR WILFUL MISCONDUCT, THEN IT IS POSSIBLE FOR A JUDGMENT TO BE AWARDED AGAINST THAT OFFICER.
IN ANOTHER VEIN, THE TORT CLAIMS ACT HAS NO APPLICABILITY TO FEDERALLY BASED CIVIL RIGHTS ACTIONS, SAVE FOR PROVIDING FOR A LIMITED RIGHT OF INDEMNIFICATION FOR INADVERTENT VIOLATIONS OF A PERSON'S CIVIL RIGHTS. IF A FEDERAL CIVIL RIGHTS CLAIM WERE TO BE SUCCESSFULLY PROSECUTED AGAINST YOU WHICH RESULTS IN DAMAGES BEING AWARDED HIGHER IN AMOUNT THAN THE LIMITS THAT THE ACT PROVIDES FOR, $100,000.00 PER PERSON AND $1,000,000.00 PER EVENT, ANY OVERAGE WOULD THEORETICALLY HAVE TO BE PAID BY YOU PERSONALLY.
WHETHER OR NOT IT IS A GOOD IDEA TO PURCHASE SPECIAL INSURANCE COVERAGE FOR THIS TYPE OF POSSIBILITY IS A POLICY MATTER THAT MUST BE RESOLVED BY YOU. I AM AWARE OF A POLICY DISPUTE THAT IS CURRENTLY GOING ON BETWEEN THE RISK MANAGEMENT DIVISION OF THE STATE OFFICE OF PUBLIC AFFAIRS AND THE BOARD OF REGENTS OF THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES OVER PRECISELY THIS ISSUE, WITH THE OFFICE OF PUBLIC AFFAIRS ATTEMPTING TO CONVINCE THE BOARD THAT NO SPECIAL COVERAGE IS NECESSARY, AND THE BOARD RETORTING THAT IT THEY NEED SUCH COVERAGE. I CANNOT COMMENT ON THIS POLICY DEBATE OTHER THAN TO NOTE ITS EXISTENCE.
(51 O.S. 151)
(MICHAEL SCOTT FERN)